UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL VANCASTER,

        Plaintiff,

  v.                                      Case No. 23-cv-470-pp

DAVID LASEE
and WENDY LEMKUEL,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE**

       The plaintiff, who is incarcerated at Fox Lake Correctional Institution and is representing himself, filed a complaint under the Freedom of Information Act and Privacy Act seeking a prosecutor's file. Dkt. No. 1. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens the complaint, dkt. no. 1, and dismisses the case.

**I.    Motion for Leave to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

1

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On April 19, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $1.68. Dkt. No. 5. The court received that fee on June 16, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

   A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915(A). The court must dismiss a complaint if the incarcerated plaintiff raises that's that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

The court liberally construes complaints filed by plaintiffs who are representing themselves and holds those complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff alleges that defendant David Lasee failed to respond to his Freedom of Information Act/Privacy Act request for "A Free Unedited Complete Copy of the Prosecutor's File Including All Personal Notes and Diagram of [plaintiff's] Apartment Used in Court." Dkt. No. 1 at 1. The plaintiff attached to his complaint a letter to the Brown County District Attorney's office in which he asked for the prosecutor's file (including personal notes) in Case No. 14-CF-938/14-CF-1696. Dkt. No. 1-2. The plaintiff alleges that defendant Wendy Lemkuel also failed to respond to his Freedom of Information Act/Privacy Act request for the prosecutor's file. Id. at 1-2. The plaintiff asks this court to order the defendants to provide him a complete copy of the file. Id. at 1.

The plaintiff does not explain who David Lasee and Wendy Lemkuel are. The web site for Brown County, Wisconsin indicates that David L. Lasee is the district attorney for Brown County. https://www.browncountywi.gov/government/district-attorney/general-information/. The publicly available dockets for State v. Michael J. VanCaster, Case No. 2014CF938 and State v. Michael J. VanCaster, Case No. 2014CF1696 (Brown County Circuit Court), available at https://wcca.wicourts.gov, reflect that Wendy W. Lemkuil was the prosecutor in those case (and that the plaintiff was sentenced on January 12, 2016).

C. Analysis

The court construes the plaintiff's lawsuit as alleging that state prosecutors Lasee and Lemkuil violated the Freedom of Information Act (FOIA), 5 U.S.C. §552 and the Privacy Act, 5 U.S.C. §552a. FOIA "generally contemplates a policy of broad disclosure of government documents." Solar Sources, Inc. v. United States, 142 F.3d 1033, 1037 (7th Cir. 1998). "Under the Act, 'each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . shall make the records promptly available to any person.'" Moore v. FBI, 283 F. App'x 397, 398 (7th Cir. 2008) (quoting 5 U.S.C. §552(a)(3)(A)).

Under 5 U.S.C. §552(a)(4)(B), "the district court . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of agency records improperly withheld from the complainant." But FOIA defines an "agency" as

4

each authority of the government of the United States; whether or not it is within or subject to review by another agency, but does not include—(a) the Congress; (B) the courts of the United States; (c) the governments of the territories or possessions of the United States; (D) the government of the District of Columbia.

5 U.S.C. § 551(1). The statute applies only to federal agencies, not individuals and not state or local officials. The plaintiff has no cause of action under FOIA because the Act does not apply to a county district attorney or a member of his staff. The court must dismiss the FOIA claim for failure to state a claim upon which relief can be granted.

Nor does the Privacy Act—5 U.S.C. §552a, *et seq.*—provide the plaintiff with a cause of action. "The Privacy Act provides generally that '[n]o agency shall disclose any record which is contained in a system of records . . . except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains.'" U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press, 489 U.S. 749, 766 (1989) (quoting 5 U.S.C. §552a(b)). The Privacy Act requires disclosure of any information that an agency must disclose under FOIA. 5 U.S.C. §552a(b)(2). Just like FOIA, the Privacy Act defines an "agency" as "each authority of the Government of the United States . . . ." 5 U.S.C. §551(1). And like FOIA, the Privacy Act applies to federal agencies, not individuals. See Bavido v. Apfel, 215 F.3d 743, 747 (7th Cir. 2000) ("The Privacy Act authorizes suit only against an agency, not an individual.").

Because the plaintiff has not sued federal agencies, the court must dismiss the Privacy Act claim because it fails to state a claim upon which relief can be granted.

This is the third case filed by the plaintiff that the court has dismissed for failure to state a claim. See VanCaster v. Ferguson, *et al.*, Case No. 23-cv-467 (E.D. Wis.), Dkt. Nos. 11, 12 (judgment docketed July 18, 2023) and VanCaster v. Walsh, Case No. 23-cv-469 (E.D. Wis.), Dkt. Nos. 11, 12 (judgment docketed July 18, 2023).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the ground that it . . . fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

Section 1915(h) provides:

> As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terns and conditions of parole, probation, pretrial release, or diversionary program.

28 U.S.C. §1915(h).

The plaintiff is a "prisoner" as defined by the statute—he is incarcerated at Fox Lake Correctional Institution after having been convicted of violations of criminal law. The court is dismissing this case for failure to state a claim, and as noted below, will assess the plaintiff a strike. Because this is the third strike

6

the court has assessed against the plaintiff for filing a complaint that failed to state a claim, the plaintiff cannot proceed with any new civil cases filed while he remains incarcerated within the meaning of 28 U.S.C. §1915(h) unless he prepays the filing fee. There is only one exception to this bar: if the plaintiff can demonstrate that he is "under imminent danger of serious physical injury," the court may allow him to proceed on a complaint without prepaying the filing fee.

If the plaintiff files any new civil case without paying the entire $402 civil filing fee and that complaint does not contain allegations sufficient to show that, at the time he filed the case, the plaintiff was under imminent danger of serious physical injury, the court may dismiss that case without prejudice. The plaintiff would then have an opportunity, within twenty-eight days, to file a motion to reopen the case, accompanied by the full civil filing fee.

### III. Conclusion

The court **GRANTS** the plaintiff's motion to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the **$348.32** balance of the filing fee by collecting monthly payments from the plaintiff's trust account in the amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the

transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Fox Lake Correctional Institution.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE** for failure to state a claim for which this federal court can grant relief. The clerk will enter judgment accordingly.

The court **ORDERS** that the clerk must document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

Dated in Milwaukee, Wisconsin this 18th day of July, 2023.

                                    **BY THE COURT:**

                                    **HON. PAMELA PEPPER**
                                    **Chief United States District Judge**